UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 11-60670

JOSHUA J. ZIMMER, and  Chapter 7
DENISE R. ZIMMER,

Judge Thomas J. Tucker

Debtors.
_____/

**ORDER DENYING DEBTORS' MOTION TO REINSTATE
CHAPTER 7 CASE**

This case is before the Court on Debtors' motion entitled "Ex Parte Motion to Reinstate Case," filed on August 22, 2011 (Docket # 21, the "Motion"), which this Court construes as a motion for reconsideration of, and for relief from, the Court's August 15, 2011 Order dismissing this case (Docket # 12).

The Court has reviewed and considered the Motion, and finds the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* Local Rule 9024-1(a)(3).

In addition, the Court notes the following. First, the allegations in the Motion do not establish excusable neglect under Fed.R.Civ.P. 60(b)(1), Fed.R.Bankr.P. 9024, or any other valid ground for relief from the order dismissing this case.

Second, Debtors are not eligible to be debtors in this case under 11 U.S.C. § 109(h)(1). That provision provides in relevant part, that

> an individual may not be a debtor under this title unless such
> individual has, during the 180-day period ending on the date of
> filing the petition by such individual, received from an approved
> nonprofit budget and credit counseling agency described in section
> 111(a) an individual or group briefings (including a briefing

> conducted by telephone or on the Internet) that outlined the
> opportunities for available credit counseling and assisted such
> individual in performing a related budget analysis.

The only certificates of credit counseling that Debtors filed with the Court state that Debtors each received "an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111" on August 3, 2011. (*See* the two "Certificates of Counseling," filed on August 6, 2011 (Docket ## 10, 11).) Debtors filed their voluntary petition for relief under Chapter 7 on July 29, 2011. Therefore, Debtors only received credit counseling four days *after* filing the bankruptcy petition. With exceptions not applicable here, 11 U.S.C. § 109(h)(1) requires a debtor to obtain credit counseling *on or before* the date of filing the bankruptcy petition.

  Accordingly,

  IT IS ORDERED that the Motion (Docket # 21) is denied.

.

**Signed on August 24, 2011**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge